

# FEDERAL PUBLIC DEFENDER
### District of Hawaii

Peter C. Wolff, Jr.  
Federal Public Defender

300 Ala Moana Boulevard, Suite 7-104  
Honolulu, Hawaii 96850-5269

(808) 541-2521 ♦ Facsimile (808) 541-3545 ♦ Toll free (877) 541-2521

June 30, 2006

The Honorable Virginia Lea Crandall  
First Circuit Court Judge  
Circuit Court of the First Circuit for the State of Hawaii  
Kaahumanu Hale  
777 Punchbowl Street  
Honolulu, Hawaii 96813

    Re:    **STATE v. BRIAN JESS**, CR. NO. 00-1-0422  
            State's Motion For Resentencing Of Defendant Jess Pursuant To Order Of the United States District Court For The District Of Hawaii Granting Petitioner's 28 U.S.C. Section 2254 Petition For Writ Of Habeas Corpus To Vacate Extended Sentence

Dear Judge Crandall:

       The State has moved to resentence Brian Jess (whom I represent in federal habeas proceedings) in accord with United States District Court Judge Seabright's order granting Jess's petition for a writ of habeas corpus. Jess's habeas petition in federal court claimed that his Sixth and Fourteenth Amendment right to jury trial was violated by the imposition of extended-term sentences under Haw. Rev. Stat. § 706-661 and 706-662 in his case. His extended-term sentences were invalid, he asserted, because the State's extended-term sentencing scheme fails to require that a jury find the facts regarding the need to impose extended-term sentences for the protection of the public. Judge Seabright agreed, granted Jess's petition, and ordered the State "to resentence Jess in a manner consistent with this order." A copy of Judge Seabright's order is enclosed for your convenience, as well as a copy of the judgement in Jess's habeas proceeding in the federal district court.

**App. B - 1**

The Honorable Virginia Lea Crandall
First Circuit Court Judge
June 30, 2006
Page 2

___

      The State's motion for resentencing, filed on June 13, 2006, in your court, "moves this Honorable Court to resentence ... Jess in accordance with" Judge Seabright's order. <u>Motion For Resentencing Of Defendant Jess Pursuant To Order Of the United States District Court For The District Of Hawaii Granting Petitioner's 28 U.S.C. Section 2254 Petition For Writ Of Habeas Corpus To Vacate Extended Sentence</u> ("State's Motion") at 2. The State, at least in its motion, candidly acknowledges that Judge Seabright's order merely "directs [this Court] to resentence Defendant Jess without an extended term of incarceration." <u>State's Motion</u> at 2; <u>see also id.</u> at 6 (Judge "Seabright ordered the State to resentence Defendant without the extended term enhancement"). As such, the State's motion "requests that the Court resentence Defendant pursuant to the mandates of" Judge Seabright's order granting Jess's claim that his extended-term sentences were invalid under the United States Constitution.

      The State's motion was filed by Deputy Prosecuting Attorney (DPA) Jean M. Ireton and was set for hearing on July 3, 2006 at 1:30 p.m. in your court. It appears, however, that DPA Scott Bell will represent the State at that hearing. In telephone conversations, DPA Bell has indicated that he intends to request that this Court impose consecutive sentences on Jess, and thereby, take for himself (on the State's behalf) what Judge Seabright has ruled the State has no right to have -- to wit, custody beyond the ordinary terms of imprisonment authorized by the jury's verdicts in Jess's case. To the extent it is not founded upon ignorance of the actual content of Judge Seabright's order and the State's own motion for resentencing, DPA Bell's position appears to be sour grapes (as some practitioners might put it), if not presumptively vindictive.

      There are several points I wished to bring to this Court's attention in the event that the State, through DPA Bell, actually does request that the sentencing proceedings be reopened so that this Court may revisit consecutive sentencing at the July 3rd hearing.

**App. B - 2**

The Honorable Virginia Lea Crandall
First Circuit Court Judge
June 30, 2006
Page 3

1.    This Court's original order *denying* consecutive sentencing in this matter, which this Court filed on June 4, 2001, is law of the case. Nothing in Judge Seabright's order purports to overrule this Court's consecutive sentencing ruling. Rather, the *sole* focus of the habeas proceedings in federal court was the constitutionality of this Court's order granting the State's motion for extended-term sentences. Moreover, there is no cogent reason to revisit the issue, which this Court has already decided and which has been, at least tacitly, affirmed on direct appeal. See, e.g., United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (law of the case doctrine "generally preclude[s] [a court] from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case"); see also Tabieros v. Clark Equip. Co., 944 P.2d 1279, 1295 n. 8 (Haw. 1997) (law of the case doctrine generally precludes a party from subsequently reopening an issue already decided in a prior proceeding in the same case); Wong v. City and County of Honolulu, 665 P.2d 157, 162 (Haw. 1983) (law of the case doctrine is "the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself"); Aoki v. Aoki, 98 P.3d 274, 282 (Haw. Ct. App. 2004) ("[a]ccording to [the law of the case] doctrine, unless cogent reasons support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion" (citations and internal quotation marks omitted)).

2.    Revisiting this Court's original consecutive sentencing ruling and imposing consecutive sentences at this point is beyond the scope of Judge Seabright's order, which at least DPA Ireton's motion, if not DPA Bell himself, appears to acknowledge. See State's Motion at 2, 6. Notably, Judge Seabright's order does *not* direct that this Court 'resentence Jess in a manner *not inconsistent* with this order,' which might arguably allow resentencing de novo. Rather, Judge Seabright's order directs that Jess be resentenced "in a manner consistent with this order." The only issue addressed in Judge Seabright's order -- and the only fault found with the state court proceedings -- was the imposition of extended-term sentences. Thus, the *only* thing to do at this point that is "consistent" with Judge Seabright's order is to deny

App. B - 3

The Honorable Virginia Lea Crandall
First Circuit Court Judge
June 30, 2006
Page 4

the State's original motion for extended-term sentences and amend this Court's judgment accordingly, omitting the imposition of extended-term sentences.

3.  Merely amending the judgment is, in light of Judge Seabright's order, a ministerial task, which does not necessitate honoring the full panoply of state and federal constitutional rights that Jess might otherwise have. However, if this Court reopens the sentencing hearing to revisit the question of whether consecutive sentencing is appropriate, Jess has several rights that would need to be respected, if he did not opt to waive them.

a.  If the sentencing hearing is reopened to revisit consecutive sentencing, Jess (who is currently housed in a prison on the mainland) has the right to be present, as well as the right to testify and allocute, at the sentencing proceeding under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, if not under parallel provisions of the Hawaii Constitution. See, e.g., Gill v. Ayers, 342 F.3d 911 (9th Cir. 2003) (state courts' denial of defendant's right to testify -- and, *a fortiori*, his right to be present -- at a "Three Strikes sentencing hearing" was objectively unreasonable and warranted habeas relief); Hays v. Arave, 977 F.2d 475 (9th Cir. 1992) (*in absentia* sentencing is structural error requiring automatic reversal); see also State v. Birano, 126 P.3d 357 (Haw. 2006) (reaffirming that, "[u]nder Hawaii law, there is a generalized right to be present at every stage of trial by the defendant" (citation and internal quotation marks omitted)). Indeed, as the Ninth Circuit has reiterated in this regard, that structural error occurs as a matter of federal law when the defendant is not present during sentencing proceedings rests

> on the ability of the defendant to "affect each and every aspect of that crucial phase of the criminal adjudication." Hays, 977 F.2d at 479. Because of the potential for the defendant's presence to influence the course of the sentencing proceeding, ... it [is] impossible to quantify the impact of the defendant's absence. Id. at 480-81. Finally, ... "unconstitutional *in absentia* sentencing cannot

App. B - 4

The Honorable Virginia Lea Crandall
First Circuit Court Judge
June 30, 2006
Page 5

>be affirmed on the basis of harmless error because the right to be present at one's sentencing proceedings is a 'fundamental' one."

Hegler v. Borg, 50 F.3d 1472, 1476 (9th Cir. 1995) (brackets omitted).

  b. If the sentencing hearing is reopened to revisit consecutive sentencing, Jess would also have the right to be represented at that proceeding under the Sixth and Fourteenth Amendments of the United States Constitution, if not under parallel provisions of the Hawaii Constitution. See Mempa v. Rhay, 389 U.S. 128 (1967) (recognizing the right to counsel at sentencing); United States v. Hamilton, 391 F.3d 1066, 1070 (9th Cir. 2004) (reiterating that the defendant has the right to counsel at sentencing); see also State v. Ortez, 588 P.2d 898, 906 (Haw. 1978) (acknowledging that "sentencing is a critical stage of the criminal proceeding at which [the defendant] is entitled to the effective assistance of counsel"). Thus, this Court would have to appoint counsel to represent him. If possible and if authorized by state and federal law, I would seek the appointment to represent Jess if the sentencing hearing were reopened, given that this is an ancillary matter to my representation of Jess in the federal court proceedings.

  c. If the sentencing hearing is reopened to revisit consecutive sentencing, a new presentence report would need to be prepared to account for the rehabilitation that Jess has received, as well as any other changed circumstances, since the original sentencing proceedings in this matter occurred back in 2001.

  d. If the sentencing hearing is reopened to revisit consecutive sentencing, Jess would have the right to funds to hire an expert to address the need to impose consecutive sentencing, particularly any issues regarding Jess's future dangerousness and the need to protect the community that the State might claim warranted consecutive sentencing. The Fifth, Sixth, and Fourteenth Amendments to the United States Constitution give Jess such a right, if parallel provisions of the Hawaii Constitution or some other state law does not. See, e.g., Ake v. Oklahoma,

The Honorable Virginia Lea Crandall
First Circuit Court Judge
June 30, 2006
Page 6

---

470 U.S. 68, 105 (1985) (recognizing an indigent defendant's right to an expert when the state makes mental condition and future dangerousness relevant to punishment); United States v. Rodriguez-Lara, 421 F.3d 932, 946-947 (9th Cir. 2005) (reviewing cases in which trial court abused its discretion in failing to provide funds for the defendant to hire an expert).

       4.    And, as has been suggested above, if this Court heeded any request that DPA Bell makes for consecutive sentences, Jess would have a claim (it seems to me, a valid one) of prosecutorial vindictiveness under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, if not under parallel provisions of the Hawaii Constitution. See, e.g., Thigpen v. Roberts, 468 U.S. 27 (1984) (reaffirming that there is a presumption of vindictiveness violating due process when a prosecutor "make[s] retaliatory use of his power to 'up the ante'"); Blackledge v. Perry, 417 U.S. 21 (1974) (recognizing a presumption of vindictiveness where a prosecutor obtains a second indictment following an appeal of a first, less severe, indictment); North Carolina v. Pearce, 395 U.S. 711 (1969) (recognizing a presumption of vindictiveness when a defendant's sentence is increased); United States v. Martinez, 785 F.2d 663, 669 (9th Cir. 1986) (recognizing a presumption of vindictiveness when prosecutor, after being handed a disappointing result, brings additional charges on the same nucleus of operative facts giving rise to the original charges).

       In sum, DPA Bell's intention to request consecutive sentencing at the hearing on the State's motion raises a number of (potentially quite costly) concerns and is, in any event, fraught with reversible error if considered. This Court might also bear in mind that the ordinary term applicable to Jess's first-degree robbery conviction is already *twenty years*. Moreover, pursuant to this Court's original order granting in part consecutive sentencing, this Court ran his sentences in the present matter consecutively to his sentence in Cr. No. 99-0237. The State has, therefore, already effectively obtained a twenty-five year sentence. DPA Bell's present intention to seek an *additional* five years, which seeks, effectively, a thirty-year

The Honorable Virginia Lea Crandall
First Circuit Court Judge
June 30, 2006
Page 7

---

sentence, is utterly unwarranted and, I suspect, the result of simply an uncritical impulse that, upon further reflection, he may well opt to not act upon.

      For the reasons noted above, I urge this Court to not exceed the mandate of the United States District Court. As such, I urge this Court to merely amend its judgment, resentencing Jess without extended-term sentences. For the limited purpose of ensuring that Judge Seabright's order is properly carried out, I intend to be present at the (now rescheduled) July 28th hearing.

                              Very truly yours,

                              PETER C. WOLFF, JR.
                              Federal Public Defender
                              District of Hawaii

PCW:lko
Enclosures

cc:    Jean M. Ireton, Deputy Prosecuting Attorney (w/Enclosures)
        Scott K. Bell, Deputy Prosecuting Attorney (w/Enclosures)
        Loren J. Thomas, Deputy Prosecuting Attorney (w/Enclosures)
        Mr. Brian Jess (w/Enclosures)