**ORIGINAL**

PETER B. CARLISLE 2209
Prosecuting Attorney
CHRISTOPHER T. VAN MARTER 5768
Deputy Prosecuting Attorney
City and County of Honolulu
Alii Place
1060 Richard Street, 10th Floor
Honolulu, Hawaii 96813
Ph:    547-7436
FAX:  547-7513
Attorneys for State of Hawaii

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 JUL 31  PM 3: 03

R. HIGA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII | ) CR. NO. 00-1-0422 |
| | ) |
| v. | ) COUNT I: |
| | ) ROBBERY IN THE FIRST DEGREE |
| BRIAN JESS, | ) COUNTS II: |
| | ) UNAUTHORIZED CONTROL OF |
| Defendant. | ) PROPELLED VEHICLE |
| | ) |
| | ) |
| | ) STATE'S SECOND MOTION FOR |
| | ) EXTENDED TERM OF |
| | ) IMPRISONMENT; DECLARATION OF |
| | ) COUNSEL; EXHIBITS A--E; |
| | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) Hearing Date:   8/10/2006 |
| | ) Time:                8:45 A.M. |
| | ) Judge Virginia Lea Crandall |
| | ) |

STATE'S SECOND MOTION FOR EXTENDED TERM OF IMPRISONMENT

Comes now the STATE OF HAWAII, and pursuant to Sections 706-661 and 706-662(1) and

(4)(a) of the Hawaii Revised Statutes, hereby moves this Honorable Court to sentence Brian Jess to

an extended term of imprisonment of life.

2006 JUL 31  PM 3: 03

**App. C - 1**

This motion is based upon all the records and files herein, upon the declaration attached hereto and made a part hereof by reference, and such evidence as may be adduced at the hearing on this motion.

## DECLARATION OF COUNSEL

I, CHRISTOPHER T. VAN MARTER, declare that:

1.      I am a Deputy Prosecuting Attorney for the City and County of Honolulu, and in that capacity have been assigned to represent the State of Hawaii in the case of State of Hawaii v. Brian Jess in Criminal No. 00-1-0422.

2.      On March 2, 2000, a Complaint was filed under Cr. No. 00-1-0422 charging Defendant Brian Jess (Defendant) with the offenses of Robbery in the First Degree (Count I) and Unauthorized Control of Propelled Vehicle (Count II).

3.      On or about December 4, 2000, following a jury trial before the Honorable Victoria S. Marks, the Defendant was found guilty of the offenses of Robbery in the First Degree (Count I) and Unauthorized Control of Propelled Vehicle (Count II) under Cr. No. 00-1-0422.

4.      On January 10, 2001, the State filed motions for consecutive term sentencing, extended term of imprisonment, and for sentencing of repeat offender.

5.      The State also filed a motion for revocation of Defendant's probation under Cr. No. 99-0237 based upon the Defendant's failure to abide by the terms and conditions of probation.

6.      On May 7, 2001, the Honorable Victoria S. Marks granted the State's motion for an extended term of imprisonment; granted the State's motion for sentencing of repeat offender; and granted in part and denied in part the State's motion for consecutive term sentencing. Defendant was convicted and sentenced under Cr. No. 00-1-0422 to an extended term of life imprisonment with the possibility of parole for the offense of Robbery in the First Degree (Count I), and an extended

2

**App. C - 2**

term of ten (10) years imprisonment for the offense of Unauthorized Control of Propelled Vehicle (Count II). Defendant was sentenced to mandatory terms of imprisonment of six (6) years and eight (8) months as to Count I and one (1) year and eight (8) months as to Count II based upon Defendant's status as a repeat offender. The terms of imprisonment in Cr. No. 00-1-0422 were ordered to run consecutive to the term of imprisonment imposed in Cr. No. 99-0237. (See Exhibit A.)

7. On May 7, 2001, the Honorable Victoria S. Marks granted the State's motion for revocation of probation under Cr. No. 99-0237 and resentenced Defendant to five (5) years imprisonment to be served consecutively to the sentence imposed in Cr. No. 00-1-0422.

8. The Court's decision to grant the State's motion for extended term of imprisonment was based on the following facts:

Defendant is a persistent offender within the meaning of Section 706-662(1) of the Hawaii Revised Statutes having previously been convicted of two or more felony offenses committed after age eighteen (18), to wit: Theft in the Second Degree under Cr. No. 99-0237; Theft in the First Degree under Cr. No. 85-0969; and Fraudulent Use of Credit Card under Cr. No. 59693.

Defendant is a multiple offender within the meaning of Section 706-662(4)(a) of the Hawaii Revised Statutes because he was being sentenced to two (2) or more felonies under Cr. No. 00-1-0422, to wit: Robbery in the First Degree (Count I), and Unauthorized Control of Propelled Vehicle (Count II).

Defendant's long term incarceration is necessary for the protection of the public because he was on probation under Cr. No. 99-0237 when he committed the offenses under Cr. No. 00-1-0422; he has an extensive criminal history that now includes five (5) felony convictions and over twenty (20) misdemeanor and petty misdemeanor convictions; his criminality has continued despite prior contacts with the criminal justice system that has included opportunities to benefit from parole, probation and drug court; he has demonstrated a disregard for the rights of others and a questionable attitude toward the law; his criminal behavior has escalated to the point that during this most recent felony conviction he possessed and threatened to use a knife during the commission of a robbery; he has demonstrated a pattern of criminality that indicates he is likely to be a recidivist in that he cannot conform his behavior to the requirements of the law; and the quantity and seriousness of his past convictions coupled with the seriousness of the instant offenses demonstrate that Defendant poses a serious threat to the community.

3

**App. C - 3**

(See Exhibit B.)

9.    On June 6, 2001, the Defendant filed a Notice of Appeal from the final Judgment, Guilty Conviction and Sentence filed on May 7, 2001 under Cr. No. 00-1-0422, and the Order of Resentencing, Revocation of Probation filed on May 7, 2001 under Cr. No. 99-0237. The appeal was docketed under SC. No. 24339.

10.    On July 9, 2001, Defendant filed a Motion for Reconsideration of Sentence.

11.    On July 25, 2002, the Defendant's Motion for Reconsideration of Sentence was heard and denied by the Honorable Victoria S. Marks.

12.    On September 26, 2003, the Supreme Court of the State of Hawaii issued a "Summary Disposition Order" under SC. No. 24339 which affirmed the judgment from which the appeal was taken. (See Exhibit C.)

13.    On May 19, 2004, the Defendant filed a Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

14.    On July 19, 2004, the State filed its Answer to Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

15.    On July 19, 2004, the State received an unfiled copy of an Amended Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

16.    On August 17, 2004, the State filed its Answer to Amended Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

17.    On March 29, 2005, the Court denied Defendant's Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

**App. C - 4**

18.     Having exhausted his state remedies, Defendant filed a Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 in the United States District Court for the District of Hawaii.

19.     On April 18, 2006, United States District Court Judge Michael Seabright granted Defendant's writ of habeas corpus finding that the state court's imposition of an extended-term sentence was unconstitutional because it violated the United States Constitution's Sixth Amendment trial-by-jury clause, pursuant to the rational of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  (See Exhibit D).

20.     When Defendant was originally sentenced on May 7, 2001, *the sentencing court* determined that an extended term of incarceration was necessary for the protection of the public. The United States District Court held that the determination that Defendant's commitment for an extended term is necessary for the protection of the public *must be submitted to a jury* and proven beyond a reasonable doubt.  <u>Id</u>.

21.     Thus, the United States District Court remanded the case with an order that the state court resentence Defendant "in a manner consistent with this order".  <u>Id</u>.

22.     Defendant has not waived his right to a jury trial on the question of whether an extended term is necessary for the protection of the public.

23.     The State of Hawaii does not waive its right to seek an extended term of incarceration.

24.     Accordingly, in order to resentence Defendant in a manner consistent with the order of the United States District Court, the state court must impanel a jury and the prosecution must prove beyond a reasonable doubt that Defendant's commitment for an extended term is necessary for the protection of the public.  The sole factual question for the jury to decide will be: "Did the prosecution prove beyond a reasonable doubt that Defendant's commitment for an extended term is

**App. C - 5**

necessary for the protection of the public? Your answer must be unanimous". If the jury answers the interrogatory in the affirmative, the jury would be polled to insure unanimity, and thereafter, the jury would be dismissed. The court would then schedule a sentencing hearing. At sentencing, the court would have the discretion to impose an extended-term sentence or an ordinary indeterminate sentence. If the jury answers the interrogatory in the negative, Defendant would be resentenced without an extended-term sentence.

25.    The Hawaii Supreme Court has previously addressed the procedure to be followed when a sentence is vacated and the matter remanded to the trial court for re-sentencing. State v. Peralto, 95 Hawaii 1, 18 P. 3d 203 (2001). (See Exhibit E). At footnote 3, the Court cited several examples of bifurcated adjudicative and penalty proceedings where the court may empanel a new jury after an appellate court remands the case for a new penalty proceeding.

26.    A hearing in this case has been scheduled for August 10, 2006, before the Honorable Virginia L. Crandall. The State has filed a "Notice of Withdrawal" of a earlier motion that it filed on June 13, 2006. The State's June 13, 2006 motion was filed without this Declarant's knowledge or approval. Declarant was the original trial and sentencing deputy in Defendant's case.

27.    The State submits this extended-term motion based on its continued belief that Defendant is a "persistent and multiple offender" whose commitment for an extended term is necessary for the protection of the public. The State's motion is based on the following facts:

28.    Defendant is a "persistent offender" within the meaning of Section 706-662(1) of the Hawaii Revised Statutes because of the following facts:

a.    Brian Jess was born on or about October 14, 1958.

b.    On or about December 4, 2000, in Criminal No. 00-1-0422, said Defendant was found guilty of the offenses of Robbery in the First Degree and Unauthorized Control of

6

**App. C - 6**

Propelled Vehicle, offenses which constitute felonies as defined by the Hawaii Penal Code.

At all relevant times during these proceedings, the said Defendant was represented by

counsel, to wit: Deputy Public Defender Timothy E. Rakieten.

c.    On or about June 1, 1999, in Criminal No. 99-0237, said Defendant was convicted of the offense of Theft in the Second Degree, an offense which constitutes a felony as defined by the Hawaii Penal Code. At all relevant times during the said proceedings, the said Defendant was represented by counsel, to wit: Deputy Public Defender Timothy E. Rakieten.

d.    On or about May 29, 1986, in Criminal No. 85-0969, said Defendant was convicted of the offenses of Theft in the First Degree, an offense which constitutes a felony as defined by the Hawaii Penal Code. At all relevant times during the said proceedings, the said Defendant was represented by counsel, to wit: Deputy Public Defender Keith E. Tanaka.

e.    On or about June 19, 1984, in Criminal No. 59693, said Defendant was convicted of the offense of Fraudulent Use of Credit Card, an offense which constitutes a felony as defined by the Hawaii Penal Code. At all relevant times during the said proceedings, the said Defendant was represented by counsel, to wit: Deputy Public Defender D. Barbee.

f.    That Brian Jess was 18 years of age or older at the time of the commission of the above offenses.

29.    Declarant is a "multiple offender" within the meaning of Section 706-662(4)(a) of the Hawaii Revised Statutes, because on August 10, 2006, before the Honorable Virginia L. Crandall said Defendant is to be tried/sentenced for two or more felonies, to wit:

**App. C - 7**

Cr. No. 00-1-0422
Count I:  Robbery in the First Degree
Count II:  Unauthorized Control of Propelled Vehicle

30.    Defendant is a "persistent offender" and a "multiple offender" whose commitment for an extended term is necessary for the protection of the public because of the following facts:

a.    Defendant was on probation in Cr. No. 99-0237 when he committed the instant offenses.

b.    Defendant has an extensive criminal history.

c.    Defendant's criminality has continued despite his prior contacts with the criminal justice system.

d.    Defendant has failed to benefit from the criminal justice system.

e.    Defendant has demonstrated a total disregard for the rights of others and a poor attitude toward the law.

f.    Defendant has demonstrated a pattern of criminality which indicates that he is likely to be a recidivist in that he cannot conform his behavior to the requirements of the law.

g.    Due to the quantity and seriousness of the Defendant's past convictions and the seriousness of the instant offenses, Defendant poses a serious threat to the community and his long term incarceration is necessary for the protection of the public.

31.    Finally, Defendant is a "career offender" because of the following facts:

a.    On March 9, 1999, Defendant was convicted of the offense of Theft in the Third Degree under HPD Rpt. No. 98417055.

b.    On March 3, 1999, Defendant was convicted of the offense of Theft in the Fourth Degree under HPD Rpt. No. 98399359.

**App. C - 8**

~~c.      On July 8, 1999, Defendant was convicted of the offense of Theft in the Third~~

Degree under HPD Rpt. No. 98359568.

~~d.      On October 13, 1998, Defendant was convicted of the offense of Theft in the~~

Third Degree under HPD Rpt. No. 98326606.

e.      On July 8, 1999, Defendant was convicted of the offense of Theft in the Third

Degree under HPD Rpt. No. 98160894.

f.      On July 8, 1999, Defendant was convicted of the offense of Theft in the Third

Degree under HPD Rpt. No. 98160632.

g.      On January 10, 1997, Defendant was convicted of the offense of Criminal

Trespass in the First Degree under HPD Rpt. No. 95274356.

h.      On August 4, 1994, Defendant was convicted of the offense of Theft in the

Third Degree under HPD Rpt. No. 94225438.

i.      On August 9, 1994, Defendant was convicted of the offense of Theft in the

Second Degree under HPD Rpt. No. 94052761.

j.      On July 29, 1994, Defendant was convicted of the offense of Theft in the

Fourth Degree under HPD Rpt. No. 94056932.

k.      On July 29, 1994, Defendant was convicted of the offense of Theft in the

Third Degree under HPD Rpt. No. 94035783.

l.      On July 29, 1994, Defendant was convicted of the offense of Theft in the

Fourth Degree under HPD Rpt. No. 94005469.

m.      On July 29, 1994, Defendant was convicted of the offense of Theft in the

Fourth Degree under HPD Rpt. No. 93509926.

**App. C - 9**

n.     On April 11, 1995, Defendant was convicted of the offense of Theft in the Fourth Degree under HPD Rpt. No. 93444482.

o.     On April 11, 1995, Defendant was convicted of the offense of Theft in the Third Degree under HPD Rpt. No. 93438836.

p.     On June 3, 1994, Defendant was convicted of the offense of Theft in the Fourth Degree under HPD Rpt. No. 92502045.

q.     On October 20, 1992, Defendant was convicted of the offense of Theft in the Fourth Degree under HPD Rpt. No. 92297548.

r.     On October 20, 1992, Defendant was convicted of the offense of Theft in the Third Degree under HPD Rpt. No. 92278090.

s.     On May 15, 1981, Defendant received a Deferred Acceptance of Guilty Plea for the offense of Theft in the Third Degree under HPD Rpt. No. B-52519.

I, CHRISTOPHER T. VAN MARTER, declare under penalty of law that the forgoing is true and correct to the best of my knowledge and belief.

Executed on July 28, 2006.

CHRISTOPHER T. VAN MARTER

**App. C - 10**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be served on the following party(ies) by U.S. Mail or personal delivery:

EMLYN HIGA, ESQ.
Queen Street Building
345 Queen Street, Suite 900
Honolulu, Hawaii 96813
Phone:  595-8797

Attorney for Defendant

Office of the Public Defender
1130 N. Nimitz Hwy., Suite A-135
Honolulu, Hawaii 96817

Dated at Honolulu, Hawaii:  July 28, 2006.


_____
CHRISTOPHER T. VAN MARTER
Deputy Prosecuting Attorney
City and County of Honolulu

**App. C - 11**