PETER B. CARLISLE   2209
Prosecuting Attorney
DANIEL H. SHIMIZU   4300
MARK YUEN   6775
Deputy Prosecuting Attorneys
City and County of Honolulu
1060 Richards Street
Honolulu, Hawai`i  96813
Telephone:  547-7418

Attorneys for State of Hawai`i


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BRIAN JESS, | ) CIVIL NO.  04-00601 JMS-BMK |
| | ) |
| Petitioner, | ) MEMORANDUM IN OPPOSITION |
| | ) TO MOTION FOR AN ORDER |
| vs. | ) REGARDING EXECUTION OF THIS |
| | ) COURT'S JUDGMENT GRANTING |
| JOHN F. PEYTON; Director, | ) PETITIONER'S SECTION 2254 |
| Department of Public Safety, State of | ) HABEAS PETITION; APPENDICES |
| Hawai`i, LANE BLAIR; Warden, | ) "A" - "E"; CERTIFICATE OF |
| Diamondback Correctional Facility, | ) SERVICE |
| | ) |
| Respondents. | ) |
| _____ | ) |


**MEMORANDUM IN OPPOSITION TO
MOTION FOR AN ORDER REGARDING EXECUTION
OF THIS COURT'S JUDGMENT GRANTING
PETITIONER'S SECTION 2254 HABEAS PETITION**


**APPENDICES "A" - "E"**


and


**CERTIFICATE OF SERVICE**


MY:rir

# **TABLE OF CONTENTS**

*Page*

1.   Salient Facts ...........................................................................................1

2.   Introduction ............................................................................................5

3.   Petitioner's motion is not timely ............................................................6

4.   The issues presented by Petitioner are not ripe ....................................6

5.   Federal review of pending state matters is contrary to the law .............9

6.   Conclusion ............................................................................................14

APPENDICES "A" - "E"

CERTIFICATE OF SERVIC*E*

# TABLE OF AUTHORITIES

*Page*

*CASES*

**Apprendi v. New Jersey**
530 U.S. 466 (2000)............................................................2, 5
**Dixon v. Beto**
472 F.2d 598 (5th Cir. 1973) .......................................11
**Jess v. Peyton**
2006 WL 1041737 (D. Haw. 2006) .............................1
**Poland v. Stewart**
117 F.3d 1094 (9th Cir. 1997) .....................................7
**Robinson v. Stovall**
473 F.Supp. 135 (N.D. Miss. 1979), *aff'd in part, rev'd in part on other grounds,* 646 F.2d 1087 (5th Cir. 1981)............10
**Smith v. Lucas**
9 F.3d 359 (5th Cir. 1993) ...........................................10
**U.S. v. Antelope**
395 F.3d 1128 (9th Cir. 2005) .....................................7
**Wheeler v. Phillips**
2006 WL 2357973 (E.D.N.Y. 2006) ...........................13
**Younger v. Harris**
401 U.S. 37 (1971)........................................................10

*RULES*

**Federal Rules of Civil Procedure**
Rule 59(e) (1995)...........................................................6

*STATUTES*

**Hawai`i Revised Statutes**
Section 706-662(1) (Supp. 2003) .................................12
Section 706-662(4) (Supp. 2003) .................................12
Section 708-836 (Supp. 1999).......................................1
Section 708-840(1)(b)(ii) (Supp. 1998)..........................1

ii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BRIAN JESS, | ) CIVIL NO.  04-00601 JMS-BMK |
| | ) |
| Petitioner, | ) MEMORANDUM IN OPPOSITION |
| | ) TO MOTION FOR AN ORDER |
| vs. | ) REGARDING EXECUTION OF THIS |
| | ) COURT'S JUDGMENT GRANTING |
| JOHN F. PEYTON; Director, | ) PETITIONER'S SECTION 2254 |
| Department of Public Safety, State of | ) HABEAS PETITION |
| Hawai`i, LANE BLAIR; Warden, | ) |
| Diamondback Correctional Facility, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

**MEMORANDUM IN OPPOSITION TO
MOTION FOR AN ORDER REGARDING EXECUTION
OF THIS COURT'S JUDGMENT GRANTING
PETITIONER'S SECTION 2254 HABEAS PETITION.**

**1.     Salient facts.**

On March 2, 2000, the State of Hawai`i ("State") filed a complaint charging

Brian Jess ("Petitioner") with Count I, Robbery in the First Degree, in violation of

**Hawai`i Revised Statutes ("H.R.S.") Section 708-840(1)(b)(ii)** (Supp. 1998) and

Count II, Unauthorized Control of a Propelled Vehicle, in violation of **H.R.S.**

**Section 708-836** (Supp. 1999).  See, **Jess v. Peyton**, 2006 WL 1041737 (D. Haw.

2006) at *1.  Following the presentation of evidence, a jury found Petitioner guilty

as charged as to both counts.  *Id.*  Subsequently and prior to sentencing, the State

filed its "Motion for Extended Term of Imprisonment" ("Motion"). *Id.* Following a hearing on the State's Motion, the sentencing court granted the said Motion and ordered Petitioner to be incarcerated for an extended term of imprisonment of life with respect to Count I, and an extended term of imprisonment of ten years in Count II. *Id.* The terms were ordered to run concurrently. *Id.*

Petitioner appealed his conviction, arguing that the extended term sentencing violated his rights to due process and **Apprendi v. New Jersey**, 530 U.S. 466 (2000). *Id.* at *2. The Hawai`i Supreme Court disagreed with Petitioner's argument and entered its Judgment on Appeal affirming the lower court's judgment on October 17, 2003. *Id.*

On October 6, 2004, Petitioner filed his "Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by a Person in State Custody" (hereinafter, "Petition") in the United States District Court of Hawai`i. *Id.* Petitioner's claim in the Petition was that the imposition of extended term sentences violated his Sixth Amendment's trial by jury clause pursuant to **Apprendi**. *Id.* On April 18, 2006, this Honorable Court granted the Petition, concluding that sentencing Petitioner to extended terms of imprisonment was contrary to and involved an unreasonable application of **Apprendi** and finding that such error was not harmless. *Id.* at *1. Specifically, this Honorable Court stated that the **Apprendi** violation was not harmless error because there was "grave doubt as to whether the jury would have

2

made the same public protection determination as the trial judge[.]"  *Id.* at \*6.

Accordingly, this Honorable Court ordered the State to resentence Petitioner "in a

manner consistent with this order."  *Id.*  Respondents to the Petition filed an appeal

to the Ninth Circuit Court of Appeals on May 17, 2006.  <u>See</u>, Appendix "A".

    Following remand to the state court for resentencing purposes, the State filed

a "Motion for Resentencing of Defendant Jess Pursuant to Order of the United

States District Court for the District of Hawaii Granting Petitioner's 28 U.S.C.

Section 2254 Petition for Writ of Habeas Corpus to Vacate Extended Sentence" on

June 13, 2006.  <u>See</u>, Appendix "B".[1]  The motion requested that the state

sentencing court resentence Petitioner in accordance with this Honorable Court's

order granting the Petition.  *Id.;* Appendix "B".  The State later withdrew the said

motion on July 27, 2006.  <u>See</u>, Appendix "C".

    On July 31, 2006, the State filed in state sentencing court, "State's Second

Motion for Extended Term of Imprisonment" (hereinafter, "Second Motion").  <u>See</u>,

Appendix "D".[2]  In its "Second Motion", the State moved for an extended term of

imprisonment while asserting the following:

---

    [1]  The said motion as appended to this memorandum does not contain its
attached exhibits.

    [2]  The Second Motion as appended to this memorandum does not contain its
attached exhibits.

19.    On April 18, 2006, United States District Court Judge Michael Seabright granted Defendant's writ of habeas corpus finding that the state court's imposition of an extended-term sentence was unconstitutional because it violated the United States Constitution's Sixth Amendment trial-by-jury clause, pursuant to the rational of Apprendi v. New Jersey, 530 U.S. 466 (2000).

20.    When Defendant was originally sentenced on May 7, 2001, *the sentencing court* determined that an extended term of incarceration was necessary for the protection of the public.  The United States District Court held that the determination that Defendant's commitment for an extended term is necessary for the protection of the public *must be submitted to a jury* and proven beyond a reasonable doubt.

21.    Thus, the United States District Court remanded the case with an order that the state court resentence Defendant "in a manner consistent with this order".

22.    Defendant has not waived his right to a jury trial on the question of whether an extended term is necessary for the protection of the public.

23.    The State of Hawaii does not waive its right to seek an extended term of incarceration.

24.    Accordingly, in order to resentence Defendant in a manner consistent with the order of the United States District Court, the state court must impanel a jury and the prosecution must prove beyond a reasonable doubt that Defendant's commitment for an extended term is necessary for the protection of the public.  The sole factual question for the jury to decide will be: "Did the prosecution prove beyond a reasonable doubt that Defendant's commitment for an extended term necessary for the protection of the public?  Your answer must be unanimous".  If the jury answers the interrogatory in the affirmative, the jury would be polled to insure unanimity, and thereafter, the jury would be dismissed.  The court would then schedule a sentencing hearing.  At sentencing, the court would have the discretion to impose an extended-term sentence or an ordinary indeterminate sentence.  If

4

the jury answers the interrogatory in the negative, Defendant would be resentenced without an extended-term sentence.

25.    The Hawaii Supreme Court has previously addressed the procedure to be followed when a sentence is vacated and the matter remanded to the trial court for re-sentencing.  State v. Peralto, 95 Hawai`i 1, 18, P.3d 203 (2001).  At footnote 3, the Court cited several examples of bifurcated adjudicative and penalty proceedings where the court may empanel a new jury after an appellate court remands the case for a new penalty proceedings.

Id.  (Some internal citations omitted; italics in original).  Originally set for August 10, 2006, the hearing on the motion is presently set for August 31, 2006. [3]

**2.    Introduction.**

Following this Honorable Court's order granting the Petition, the State filed its Second Motion with the state sentencing court.  The Second Motion requested that an impaneled jury make the "public protection" determination finding necessary for extended term sentencing.  It is the State's belief that so doing would comply with **Apprendi** and this Honorable Court's order granting the Petition. Petitioner now moves this Honorable Court to order the State to withdraw its Second Motion to the state sentencing court and to prohibit the State from asking for consecutive sentencing.  He states that such is necessary to effectuate this Court's order granting his Petition.  As will be demonstrated hereinbelow, this Honorable Court should deny Petitioner's motion as Petitioner's contentions are not

---

[3] The court minutes indicate that the hearing on the motion set for August 10, 2006 was continued by agreement by counsel for both parties.  See, Appendix "E".

5

ripe and in addition, this Court's review of the matters presented would

unnecessarily infringe on the State's right and prerogative to consider issues

regarding state law without federal interference.

### 3.    Petitioner's motion is not timely.

As an initial matter, the State submits that Petitioner's motion is untimely.

**Federal Rules of Civil Procedure** (hereinafter, "**F.R.C.P.**") **Rule 59(e)** (1995)

states that:  "Any motion to alter or amend a judgment shall be filed no later than

10 days after entry of the judgment."  Here, this Honorable Court filed its order

granting the Petition on April 18, 2006.  As such, **F.R.C.P. Rule 59(e)** required

that Petitioner file any motion to alter or amend this Court's order by May 2, 2006.

Petitioner's motion asks this Court to order the State to withdraw its Second

Motion and not to file a motion for consecutive sentencing.  Both requests involve

a significant alteration or amendment to the judgment.  As a result, this Court

should deny the motion based on lack of timeliness.

### 4.    The issues presented by Petitioner are not ripe.

Even if this Honorable Court were to construe Petitioner's motion as not

being a motion to alter or amend its judgment, this Court should also deny

Petitioner's motion for lack of subject matter jurisdiction as the issues presented are

not ripe for this Court's review.  "The constitutional component of ripeness is a

6

**jurisdictional prerequisite**." **U.S. v. Antelope**, 395 F.3d 1128 (9th Cir. 2005)

(emphasis added) (citation omitted).

> The purpose of the ripeness doctrine of Article III is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. An issue is not ripe for review where the existence of the dispute itself hangs on future contingencies that may or may not occur. Where there is no danger of imminent and certain injury to a party, an issue has not matured sufficiently to warrant judicial intervention. The Supreme Court has stated a two-part test for determining the ripeness of a claim: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.

**Poland v. Stewart**, 117 F.3d 1094 (9th Cir. 1997) (internal citations and quotation

marks omitted).

To begin with, Petitioner's motion to have this Court order the State to

withdraw its Second Motion is not ripe for review. The crux of Petitioner's

argument is that he believes that the Second Motion's request to have an impaneled

jury make the "public protection" determination finding is contrary to current

Hawai`i state law and precedent. Such contention is not fit for review at this time

because the state sentencing court has yet to rule on the merits of the said motion.

As a result, a jury has not been impaneled to make a determination that Petitioner

warrants an extended term of sentencing. The state court could very well deny the

Second Motion or the jury could find that an extended term of imprisonment was

not necessary for the protection of the public, both which would render the whole

issue of whether an impaneled jury is contrary to Hawaii law moot. That being so,

7

it would appear that Petitioner has "jumped the gun" by bringing the said issue before this Court.

In addition, the State points out that there is no danger of imminent and certain injury which would require that this Court review the matter at hand before the state court can consider the merits of the Second Motion. Petitioner has certainly not identified what the danger of imminent and certain injury is. As a result, Petitioner's motion is premature and this Honorable Court should therefore deny his motion that this Court order the State to withdraw its Second Motion.

Similarly, Petitioner's further request that this Honorable Court order the State not to file for consecutive term sentencing in state court is an issue not ripe for this Court's judicial determination. While mindful that a deputy prosecuting attorney made representations to counsel for Petitioner that he was going to file a motion for consecutive sentencing, the fact of the matter is that the State has not filed such a motion. Furthermore, the deputy prosecuting attorney who made the said representation is no longer handling Petitioner's resentencing. As a result, Petitioner can hardly assert that he faces any danger of imminent and certain injury with respect to the issue of consecutive term sentencing. Therefore, this Honorable Court should not address Petitioner's request for an order that the State not file a motion for consecutive term sentencing.

Accordingly, the issues presented in this motion by Petitioner are not ripe for this Court's judicial review. The State therefore requests that this Honorable Court deny Petitioner's motion for lack of subject matter jurisdiction.

## 5.    Federal review of pending state matters is contrary to the law.

Even if this Honorable Court were to rule that the issues presented in the Petitioner's motion are ripe for judicial review, this Court should nevertheless deny the said motion as Petitioner's request for federal review of state matters involves undue federal interference in pending state proceedings concerning purely state issues.

> The precise reasons for this longstanding public policy against federal court interference with state court proceedings have never been specifically identified but the primary sources of the policy are plain. One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. The doctrine may originally have grown out of circumstances peculiar to the English judicial system and not applicable in this country, but its fundamental purpose of restraining equity jurisdiction within narrow limits is equally important under our Constitution, in order to prevent erosion or the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted. The underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of "comity," that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

**Younger v. Harris**, 401 U.S. 37, 43-44 (1971).  "Younger is most compelling when the relief sought is tantamount to interference with a pending state criminal prosecution."  **Robinson v. Stovall**, 473 F.Supp. 135, 143 (N.D. Miss. 1979), *aff'd in part, rev'd in part on other grounds,* 646 F.2d 1087 (5th Cir. 1981).  "The rule in Younger v. Harris is designed to 'permit state courts to try state cases free from interference by federal courts."  *Id.,* at 144 (internal quotation marks omitted).

The Fifth Circuit Court of Appeals ("Fifth Circuit") in **Smith v. Lucas**, 9 F.3d 359 (5th Cir. 1993) reinforced the principle that federal courts do not have the authority to interfere with pending state sentencing proceedings.  In **Smith**, following remand by the United States Supreme Court, the Fifth Circuit granted the State of Mississippi ("Mississippi") the opportunity to initiate appropriate proceedings to salvage the death penalty sentence originally handed to Smith in state court but overturned by the Supreme Court.  The Fifth Circuit then directed the federal district court to issue "the writ of habeas corpus unless Mississippi initiates appropriate proceedings in state court within a reasonable time".  *Id.,* at 362.  Complying with the directive, the federal district court ordered Mississippi to initiate the proceedings against Smith by "May 23, 1993".  *Id.*

After Mississippi failed to initiate the proceedings within the prescribed time period, the federal district court issued the writ of habeas corpus and directed that Mississippi vacate the death sentence and impose a sentence of life imprisonment

upon Smith.  *Id.,* at 363.  Mississippi appealed the order while arguing that the

federal district court lacked the authority to order it to vacate the death sentence

and impose life imprisonment.  *Id.*

The Fifth Circuit agreed and held that the order directing Mississippi to

resentence Smith to life imprisonment was contrary to federal law.  *Id.,* at 366.

The Court stated:  "We have found no indication that the Supreme Court has

somehow changed its position and extended the use of habeas corpus in the context

presented-i.e., to revise a state criminal defendant's sentence without requiring his

release."  *Id.*  The Fifth Circuit further stated that a "'conditional resentencing'-in

which the federal court threatens to alter the state court's sentence or impose its

own sentence if the State fails to take action-crosses the line into impermissible

interference with the state court's autonomy in applying its own criminal

procedures."  *Id.,* at 367 (citing **Dixon v. Beto**, 472 F.2d 598, 599 (5th Cir. 1973)).

Likewise, in the case at hand, Petitioner's motion impermissibly requests the

federal court to interfere with and ultimately alter pending state sentencing

proceedings.  In his motion to have this Court order the State to withdraw its

Second Motion to the state sentencing court, Petitioner asserts that the Second

Motion is contrary to Hawai`i state law.  Specifically, he maintains that:  (1) there

is no statutory authority in Hawai`i that allows an impaneling of a jury to make a

"public protection" determination finding; and (2) the Hawai`i Supreme Court has

11

construed the extended term sentencing statutes under **H.R.S. Sections 706-662(1)** (Supp. 2003) and **706-662(4)** (Supp. 2003) as requiring a sentencing court, and not a jury to make the "public protection" determination finding.[4]  Petitioner's request to have this Court review whether the Second Motion complies with state law unduly intrudes into legitimate state matters.  Clearly, Hawai`i state courts should have the first opportunity to determine whether the impaneling of a jury to make the "public protection" determination is contrary to state statutes, the legislative history of the said statutes, and Hawai`i state court precedent.[5]  As the Hawai`i courts have not yet even considered the merits of this matter at even the lowest level, removing the issue to federal court would be an undue intrusion into state autonomy.  In fact, it would appear that based on the timing of his motion, Petitioner's request to this Court is simply an attempt to circumvent Hawai`i courts from ruing on the issue.

Similarly, Petitioner's request to have this Honorable Court order the State not to file a motion for consecutive sentencing in state court is also contrary to federal law.  Without being redundant, this Honorable Court should not review the

---

[4]  The State obviously takes the position that impaneling a jury to make the "public protection" determination is permitted under state law.

[5]  In Petitioner's motion, Petitioner also states the analysis in support of this Honorable Court's order granting his habeas petition was wrong.  As the State has appealed this Court's order, Petitioner's argument regarding this Court's analysis is improper as such matters should be brought to the attention of the appellate court.

issue of consecutive sentencing as doing so would also involve undue federal

interference in state court proceedings.[6]

Accordingly, Petitioner's attempt to move state matters to this Honorable

Court is contrary to the law. Therefore, the State requests that this Honorable

Court deny Petitioner's motion.[7]

---

[6] The State further notes that this Court should not examine the question of consecutive sentencing as such issue does not appear to raise a federal claim. See, **Wheeler v. Phillips**, 2006 WL 2357973 at *17 (E.D.N.Y. 2006).

[7] The State certainly objects to Petitioner's request that in the alternative he be released from custody.

**6.      Conclusion.**

Based upon the foregoing argument and authority, the State respectfully

requests that this Honorable Court deny Petitioner's motion.

Dated at Honolulu, Hawai`i:  August 30, 2006.

Respectfully submitted,

Respondent JOHN F. PEYTON,
Director, Department of Public Safety,
State of Hawai`i

Respondent LANE BLAIR, Warden,

Diamondback Correctional Facility,

By PETER B. CARLISLE
   Prosecuting Attorney

By _____/s/_____
   DANIEL H. SHIMIZU
   MARK YUEN
   Deputy Prosecuting Attorney
   City and County of Honolulu
