PETER B. CARLISLE   2209
Prosecuting Attorney
JEAN M. IRETON   3377
Deputy Prosecuting Attorney
City and County of Honolulu
Alii Place
1060 Richards Street
Honolulu, Hawaii
Ph:  (808) 527-6588
FAX: (808) 527-6546
Attorneys for State of Hawaii

PROSECUTING ATTORNEY

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 JUN 13 PM 3: 33

N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII<br><br>        v.<br><br>BRIAN JESS,<br><br>        Defendant. | CR. NO. 00-1-0422<br><br>COUNT I:  ROBBERY IN THE FIRST DEGREE<br>COUNT II: UNAUTHORIZED CONTROL OF PROPELLED VEHICLE<br><br>MOTION FOR RESENTENCING OF DEFENDANT JESS PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF HAWAII GRANTING PETITIONER'S 28 U.S.C SECTION 2254 PETITION FOR WRIT OF HABEAS CORPUS TO VACATE EXTENDED SENTENCE; DECLARATION OF COUNSEL; STATEMENT OF PROPOSED WITNESSES AND/OR EXHIBITS; EXHIBIT A - E; CERTIFICATE OF SERVICE<br><br>Hearing date: July 3, 2006<br>Time: 1:30 pm<br>Judge: Virginia Lea Crandall |

MOTION FOR RESENTENCING OF DEFENDANT JESS
PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII GRANTING PETITIONER'S
28 U.S.C. SECTION 2254 PETITION FOR
WRIT OF HABEAS CORPUS TO VACATE EXTENDED SENTENCE

Comes now the State of Hawaii, by and through Jean M.

Ireton, Deputy Prosecuting Attorney, City and County of Honolulu,

APPENDIX "B"

State of Hawaii, and respectfully moves this Honorable Court to resentence Defendant Brian Jess in accordance with the "Order Granting Petitioner's 28 U.S.C. Section 2254 Petition for Writ of Habeas Corpus to Vacate Extended Sentence" filed on April 18, 2006 under Civ. No. 04-00601 JMS/BMK. The order directs the Circuit Court of the First Circuit, State of Hawaii, to resentence Defendant Jess without an extended term of incarceration.

This motion is based on Rules 35 and 47 of the <u>Hawaii Rules of Penal Procedure</u>, Section 603-21.9 the <u>Hawaii Revised Statutes</u>, the declaration of counsel attached hereto, and the records and files of this case.

<u>DECLARATION OF COUNSEL</u>

I, Jean M. Ireton, declare that:

1. I am the Deputy Prosecuting Attorney for the City and County of Honolulu, State of Hawaii assigned to the above-entitled cause.

2. On March 2, 2000, a Complaint was filed under Cr. No. 00-1-0422 charging Defendant Brian Jess (Defendant) with the offenses of Robbery in the First Degree (Count I) and Unauthorized Control of Propelled Vehicle (Count II).

3. On or about December 4, 2000, following a jury trial before the Honorable Victoria S. Marks, the Defendant was found guilty of the offenses of Robbery in the First Degree (Count I) and Unauthorized Control of Propelled Vehicle (Count II) under Cr. No. 00-1-0422.

4. On January 10, 2001, the State filed motions for consecutive term sentencing, extended term of imprisonment, and for sentencing of repeat offender.

5. The State also filed a motion for revocation of Defendant's probation under Cr. No. 99-0237 based upon the Defendant's failure to abide by the terms and conditions of probation.

6. On May 7, 2001, the Honorable Victoria S. Marks granted in part and denied in part the State's motion for consecutive term sentencing; granted the State's motion for extended term of imprisonment; and granted the State's motion for sentencing of repeat offender. Defendant was convicted and sentenced under Cr. No. 00-1-0422 to an extended term of life imprisonment with the possibility of parole for the offense of Robbery in the First Degree (Count I), and an extended term of ten (10) years imprisonment for the offense of Unauthorized Control of Propelled Vehicle (Count II). Defendant was sentenced to mandatory terms of imprisonment of six (6) years and eight (8) months as to Count I and one (1) year and eight (8) months as to Count II based upon Defendant's status as a repeat offender. The terms of imprisonment in Cr. No. 00-1-0422 were to run consecutively to the term of imprisonment imposed in Cr. No. 99-0237. (See Exhibit A.)

7. On May 7, 2001, the Honorable Victoria S. Marks granted the State's motion for revocation of probation under Cr. No. 99-0237 and resentenced Defendant to five (5) years imprisonment to

3

be served consecutively to the sentence imposed in Cr. No. 00-1-0422.

    8.   The Court's decision to grant the State's motion for extended term of imprisonment was based on the following facts:

> Defendant is a persistent offender within the meaning of Section 706-662(1) of the Hawaii Revised Statutes having previously been convicted of two or more felony offenses committed after age eighteen (18), to wit: Theft in the Second Degree under Cr. No. 99-0237; Theft in the First Degree under Cr. No. 85-0969; and Fraudulent Use of Credit Card under Cr. No. 59693.
>
> Defendant is a multiple offender within the meaning of Section 706-662(4)(a) of the Hawaii Revised Statutes because he was being sentenced to two (2) or more felonies under Cr. No. 00-1-0422, to wit: Robbery in the First Degree (Count I), and Unauthorized Control of Propelled Vehicle (Count II).
>
> Defendant's long term incarceration is necessary for the protection of the public because he was on probation under Cr. No. 99-0237 when he committed the offenses under Cr. No. 00-1-0422; he has an extensive criminal history that now includes five (5) felony convictions and over twenty (20) misdemeanor and petty misdemeanor convictions; his criminality has continued despite prior contacts with the criminal justice system that has included opportunities to benefit from parole, probation and drug court; he has demonstrated a disregard for the rights of others and a questionable attitude toward the law; his criminal behavior has escalated to the point that during this most recent felony conviction he possessed and threatened to use a knife during the commission of a robbery; he has demonstrated a pattern of criminality that indicates he is likely to be a recidivist in that he cannot conform his behavior to the requirements of the law; and the quantity and seriousness of his past convictions coupled with the seriousness of the instant offenses demonstrate that Defendant poses a serious threat to the community.

(See Exhibit B.)

    9.   On June 6, 2001, the Defendant filed a Notice of Appeal from the final Judgment, Guilty Conviction and Sentence filed on May 7, 2001 under Cr. No. 00-1-0422, and the Order of

Resentencing, Revocation of Probation filed on May 7, 2001 under Cr. No. 99-0237. The appeal was docketed under SC. No. 24339.

10. On July 9, 2001, Defendant filed a Motion for Reconsideration of Sentence.

11. On July 25, 2002, the Defendant's Motion for Reconsideration of Sentence was heard and denied by the Honorable Victoria S. Marks.

12. On September 26, 2003, the Supreme Court of the State of Hawaii issued a "Summary Disposition Order" under SC. No. 24339 which affirmed the judgment from which the appeal was taken. (See Exhibit C.)

13. On May 19, 2004, the Defendant filed a Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

14. On July 19, 2004, the State filed its Answer to Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

15. On July 19, 2004, the State received an unfiled copy of an Amended Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

16. On August 17, 2004, the State filed its Answer to Amended Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

17. On March 29, 2005, the Court denied Defendant's Petition for Post Conviction Relief under S.P.P. No. 04-1-0045.

18. Having exhausted his state remedies, Defendant filed a Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 in the United States District Court for the District of Hawaii.

19. On April 18, 2006, United States District Judge J. Michael Seabright granted the Defendant writ of habeas corpus finding that when a court has grave doubt regarding whether the jury would have made a different public protection finding than the trial judge, the error is not harmless and Defendant's writ must be granted. (See Exhibit D.)

20. United States District Judge J. Michael Seabright ordered the State to resentence Defendant without the extended term enhancement.

21. The State of Hawaii has filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit from the Order Granting Petitioner's 28 U.S.C. Section 2254 Petitioner for Writ of Habeas Corpus to Vacate Extended Sentence filed on the 18th of April, 2006, and from the judgment filed in this action on the 18th of April, 2006. (See Exhibit E.)

22. Accordingly, the State requests that the Court resentence Defendant pursuant to the mandates of the "Order Granting Petitioner's 28 U.S.C. Section 2254 Petition for Writ of Habeas Corpus to Vacate Extended Sentence" under Civ. No. 04-00601 JMS/BMK.

I declare under penalty of law that the foregoing is true and correct.

Executed on June 7, 2006.

_____
JEAN M. IRETON

6

STATEMENT OF PROPOSED WITNESS(ES) AND/OR EXHIBIT(S)

The State of Hawaii intends to call the following witness(es) and/or introduce the following exhibit(s) at the hearing.

Witnesses                           Subject matter of testimony

None

Exhibits                            Offered to prove

None

7