PETER B. CARLISLE   2209
Prosecuting Attorney
DANIEL H. SHIMIZU   4300
MARK YUEN   6775
Deputy Prosecuting Attorneys
City and County of Honolulu
1060 Richards Street
Honolulu, Hawai`i  96813
Telephone: 547-7418

Attorneys for State of Hawai`i

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BRIAN JESS, | ) CIVIL NO.  04-00601 JMS-BMK |
| | ) |
| Petitioner, | ) FINDINGS OF FACT, |
| | ) CONCLUSIONS OF LAW; |
| vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| JOHN F. PEYTON; Director, | ) |
| Department of Public Safety, State of | ) |
| Hawai`i, LANE BLAIR; Warden, | ) |
| Diamondback Correctional Facility, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW**

and

**CERTIFICATE OF SERVICE**

MY:rir

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BRIAN JESS, | ) CIVIL NO. 04-00601 JMS-BMK |
| | ) |
| Petitioner, | ) FINDINGS OF FACT, |
| | ) CONCLUSIONS OF LAW |
| vs. | ) |
| | ) |
| JOHN F. PEYTON; Director, | ) |
| Department of Public Safety, State of | ) |
| Hawai`i, LANE BLAIR; Warden, | ) |
| Diamondback Correctional Facility, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## **FINDINGS OF FACT**

1.    On April 18, 2006, this Honorable Court issued its "Order Granting Petitioner's 28 U.S.C. Section 2254 Petition for Writ of Habeas Corpus to Vacate Extended Sentence" that directed the State of Hawai`i to "resentence [Petitioner] in a manner consistent with [the] order."

2.    Resentencing is a *de novo hearing* and therefore, the aforementioned directive appearing in the order was not a mandate that prohibited the state sentencing court from considering and/or imposing any punishment that is otherwise available under state law.

3.    This court did not intend or suggest that the state sentencing court impose any particular sentence.

MY:rir

4.	With respect to the extended term of imprisonment that was imposed pursuant to **Hawai`i Revised Statutes** (hereinafter, "**H.R.S.**") **Section 706-662** (1996), the court ruled only that the judge could not make the finding of *fact* that the extended term of imprisonment was necessary for the protection of the public.

5.	The court did not hold that **H.R.S. Section 706-662** (1996) was unconstitutional on its face.

6.	The court did not hold that the state sentencing court was prohibited from empanelling a jury to decide the *fact* of whether an extended term of imprisonment was necessary for the protection of the public.

7.	Whether a jury may be empanelled to consider the *factual determination* as required by **H.R.S. Section 706-662** (1996), is at first impression a question of state law that this court will not consider and must be litigated in the normal course.

## CONCLUSIONS OF LAW

1.	Based upon the aforementioned findings of fact, the state sentencing court is to convene a hearing whereupon Petitioner will be sentenced *de novo* to any punishment that is available under state law.

2.	In the event the State of Hawai`i seeks the imposition of an extended term of imprisonment pursuant to **H.R.S. Section 706-662** (1996), the state sentencing

court must proceed in a manner consistent with the holding of **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

3.   In the event, Petitioner does not waive his right to have a jury determine the *factual determination* as required by **H.R.S. Section 706-662** (1996), a trial must be had and a jury allowed to make the finding.

Dated at Honolulu, Hawai`i:  October 13, 2006.

          Respectfully submitted,

          Respondent JOHN F. PEYTON,
          Director, Department of Public Safety,
          State of Hawai`i

          Respondent LANE BLAIR, Warden,

          Diamondback Correctional Facility,

          By PETER B. CARLISLE
             Prosecuting Attorney

          By _____/s/_____
             DANIEL H. SHIMIZU
             MARK YUEN
             Deputy Prosecuting Attorney
             City and County of Honolulu