PETER C. WOLFF, JR.  #2332
Federal Public Defender
District of Hawaii
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:  (808) 541-2521
Facsimile:   (808) 541-3545
E-Mail:      peter_wolff@fd.org

Attorney for Petitioner
BRIAN JESS

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN JESS, | ) CIV. NO. 04-00601 JMS/BMK |
| | ) |
| Petitioner, | ) ORDER DENYING IN PART AND |
| | ) GRANTING IN PART PETITIONER'S |
| vs. | ) MOTION FOR AN ORDER |
| | ) REGARDING EXECUTION OF THIS |
| JOHN F. PEYTON, Director, | ) COURT'S JUDGMENT GRANTING |
| Department of Public Safety, State of | ) PETITIONER'S § 2254 HABEAS |
| Hawaii; LANE BLAIR, Warden, | ) CORPUS PETITION |
| Diamondback Correctional Facility, | ) |
| | ) |
| Respondents. | ) |
| | ) |

**ORDER DENYING IN PART AND GRANTING IN PART
PETITION'S MOTION FOR AN ORDER REGARDING EXECUTION
OF THIS COURT'S JUDGMENT GRANTING
PETITIONER'S § 2254 HABEAS CORPUS PETITION**

On April 18, 2006, this Court issued an order granting petitioner Brian

Jess's petition for a writ of habeas corpus on his claim that his extended-term

sentences, imposed pursuant to Hawaii's extended-term sentencing scheme, violated his Sixth and Fourteenth Amendment right to trial by jury and that the Hawaii Supreme Court's decision to the contrary in his case was contrary to or an unreasonable application of clearly established federal law.  Concluding that the Ninth Circuit's decision in <u>Kaua v. Frank</u>, 436 F.3d 1057 (9th Cir. 2006), was "binding," this Court "thus f[ound] that the State's extended sentencing scheme violates the Sixth Amendment." <u>Jess v. Peyton</u>, Civ. No. 04-00601, <u>Order Granting Petitioner's 28 U.S.C. § 2254 Petition For Writ Of Habeas Corpus To Vacate Extended Sentence</u> ("Order") at 10.  This Court further found that it had grave doubt about whether the constitutional violation was harmless and, in accord with Supreme Court precedent, therefore ruled that the violation was not harmless.  <u>Id.</u> at 10-15.  This Court thus granted the petition and ordered the State of Hawaii "to resentence Jess in a manner consistent with [this Court's] order."  Judgment in petitioner's favor was entered on the same day this Court issued its order, April 18, 2006.

On August 14, 2006, petitioner filed his Motion For An Order Regarding Execution Of This Court's Judgment Granting Petitioner's § 2254 Habeas Petition.  In his motion, petitioner principally urged this Court to direct the State "to produce … an amended state court judgment that complies with this Court's judgment in [his] case and justifies the State's continued custody of petitioner."  Petitioner's motion sought to pre-empt the State's attempt to re-sentence him to an extended term of

imprisonment on his class A felony offense by empaneling a jury to make the requisite findings justifying such a sentence. The respondents ("the State") filed a memorandum opposing petitioner's motion on August 30, 2006. Petitioner filed a reply on September 5, 2006. And this Court conducted a hearing on the motion on September 7, 2006.

Pursuant to <u>Stein v. Wood</u>, 127 F.3d 1187 (9th Cir. 1997), this Court retains jurisdiction to rule on petitioner's motion notwithstanding that the State has appealed this Court's order granting Jess's petition to the Ninth Circuit. However, this Court denies in part petitioner's motion.

Petitioner was sentenced to an extended term as a persistent offender and as a multiple offender under Haw. Rev. Stat. §§ 706-661 and 706-662(1), and 706-662(4)(a). In ruling that petitioner's extended-term sentences were unconstitutional, this Court did not intend to broadly rule that the entire extended-term sentencing scheme is unconstitutional. Rather, this Court merely ruled, in accord with the Ninth Circuit's decision in <u>Kaua</u>, that when a judge finds that an extended term is necessary for the protection of the public and makes further findings supporting the public-protection finding, the resulting extended-term sentence is unconstitutional.

It is, moreover, for the state courts to decide, in the first instance, whether the statutes prescribing the extended term scheme, other state statutes, and

the state and federal Constitutions lawfully permit a jury to be empaneled for the purpose of making the public-protection finding, its supporting findings, or any other findings of fact necessary to justify imposition of an extended-term sentence under the version of Hawaii's extended-term scheme that applies to petitioner. All this Court's order granting Jess's petition determined was that his extended-term sentences were imposed in violation of his federal constitutional right to trial by jury. In ordering the State to resentence Jess, this Court did not therefore intend to limit or otherwise indicate what particular sentence the state court could or should impose. That said, however, the state court may not resentence Jess in a lawless manner; the sentence it imposes must be lawful under state statutory, decisional, and constitutional law, and must be lawful under the United States Constitution.

For the foregoing reasons, this Court denies petitioner's request to direct the State to obtain an amended judgment within a specific time frame and his suggestion that this Court direct the state court to impose concurrent, ordinary term sentences.

This Court grants petitioner's motion, however, to the extent that petitioner requests that the State be ordered to proceed with re-sentencing petitioner without undue delay. Since this Court issued judgment in Jess's case, the State has formally taken two entirely different positions in the state circuit court with regard to what sentence Jess should receive and has informally taken a third. It is therefore

4

appropriate to remind the State that it must proceed in the state courts with due diligence and must make a final decision on what type of sentence it intends to seek in the state courts without undue delay. Accordingly, the State is ordered to provide notice to petitioner's counsel by October 13, 2006, of what sentence it intends to seek in the re-sentencing proceedings in the state courts.

In accord with the foregoing, this Court DENIES IN PART petitioner's Motion For An Order Regarding Execution Of This Court's Judgment Granting Petitioner's § 2254 Habeas Petition. In re-sentencing Jess in a manner consistent with this Court's order granting Jess's habeas petition, the State may seek any sentence that is lawful under state statutory, decisional, and constitutional law and that is lawful under the United States Constitution. Accordingly, petitioner's request that the State be ordered to produce an amended judgment imposing concurrent ordinary term sentences within a certain time frame is DENIED. However, this Court GRANTS the motion to the extent that petitioner requests that the State be ordered to proceed with re-sentencing him with due diligence. Accordingly, this Court hereby

ORDERS the State to provide notice by October 13, 2006, to petitioner's counsel of

what sentence it intends to seek in the re-sentencing proceedings.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, _____.


                           _____
                           J. MICHAEL SEABRIGHT
                           United States District Judge
                           District of Hawaii


*Jess v. Peyton, et al.*, Civ. No. 04-00601 JMS/BMK, Order Denying In Part Petitioner's Motion For An Order Regarding Execution Of This Court's Judgment Granting Petitioner's § 2254 Habeas Petition.