IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN JESS, | ) CIV. NO. 04-00601 JMS/BMK<br>)<br>) ORDER DENYING IN PART AND<br>) GRANTING IN PART PETITIONER'S<br>) MOTION FOR AN ORDER<br>) REGARDING EXECUTION OF THIS<br>) COURT'S JUDGMENT GRANTING<br>) PETITIONER'S § 2254 HABEAS<br>) CORPUS PETITION<br>)<br>)<br>)<br>) |
| Petitioner, | |
| vs. | |
| JOHN F. PEYTON, Director, Department of Public Safety, State of Hawaii; LANE BLAIR, Warden, Diamondback Correctional Facility, | |
| Respondents. | |

**ORDER DENYING IN PART AND GRANTING IN PART PETITIONER'S MOTION FOR AN ORDER REGARDING EXECUTION OF THIS COURT'S JUDGMENT GRANTING PETITIONER'S § 2254 HABEAS CORPUS PETITION**

On April 18, 2006, this court issued an order granting petitioner Brian Jess's ("Jess") petition for a writ of habeas corpus ("Order") on his claim that his extended-term sentences, imposed pursuant to Hawaii's extended-term sentencing scheme, violated his Sixth and Fourteenth Amendment right to trial by jury and that the Hawaii Supreme Court's decision in his case was contrary to or an unreasonable application of clearly established federal law. Relying on Kaua v. Frank, 436 F.3d 1057 (9th Cir. 2006), this court found that the state's application of its extended-term sentencing scheme to Jess violated the Sixth Amendment. This court further found that it had grave doubt about whether the constitutional

violation was harmless and, in accord with Supreme Court precedent, ruled that the violation was not harmless. As a result, this court granted the petition and ordered the State of Hawaii "to resentence Jess in a manner consistent with [this Court's] order."

On August 14, 2006, Jess filed a Motion For An Order Regarding Execution Of This Court's Judgment Granting Petitioner's § 2254 Habeas Petition. In his motion, Jess urges this court to direct the State "to produce ... an amended state court judgment that complies with this Court's judgment in [his] case and justifies the State's continued custody of petitioner." Jess's motion seeks to pre-empt the State's attempt to re-sentence him to an extended term of imprisonment by empaneling a jury to make the requisite findings justifying such a sentence. Jess primarily argues that this court's Order necessarily found the *entire* sentencing scheme unconstitutional. The respondents ("the State") filed a memorandum opposing petitioner's motion on August 30, 2006. Jess filed a reply on September 5, 2006. This court conducted a hearing on the motion on September 7, 2006.

As an initial matter, the court finds that, pursuant to Stein v. Wood, 127 F.3d 1187 (9th Cir. 1997), this court retains jurisdiction to rule on Jess's motion notwithstanding that the State has appealed this court's Order to the Ninth Circuit. Turning to the merits of the motion, the court denies the specific relief Jess seeks.

Jess was sentenced to an extended term as a persistent offender and as a multiple offender under Haw. Rev. Stat. §§ 706-661 and 706-662(1), and 706-662(4)(a). In ruling that Jess's extended-term sentences were unconstitutional, this court did not intend to rule broadly that the *entire* extended-term sentencing scheme is unconstitutional. Rather, this court merely ruled, in accord with the Ninth Circuit's decision in Kaua, that when a *judge* finds that an extended term is necessary for the protection of the public and makes further findings supporting the public-protection finding, the resulting extended-term sentence is unconstitutional. To be specific, the prior Order did not find that the state extended-term sentencing scheme is always unconstitutional; instead, it was limited to the facts presented to the court - - the constitutionality of the extended-term sentencing scheme when a *judge* engages in fact-finding. The court did not then, and does not now, express any opinion on the legality or constitutionality of the extended-term sentencing scheme if a *jury* engages in the fact-finding. As a result, the court finds that it is for the state courts to decide, in the first instance, whether an extended-term sentence may be based on factual findings by a jury under the version of the extended-term scheme that applies to Jess.

For the foregoing reasons, this court DENIES Jess's request to direct the State to obtain an amended judgment within a specific time frame and his suggestion that this court direct the state court to impose concurrent, ordinary term

sentences.

This court GRANTS Jess's motion, however, to the extent that he requests that the State be ordered to proceed with re-sentencing without undue delay. The State must proceed in the state courts with due diligence and must make a final decision on what type of sentence it intends to seek in the state courts without undue delay. Accordingly, the State is ordered to provide notice to Jess's counsel by October 13, 2006 of what sentence it intends to seek in the re-sentencing proceedings in the state courts.

Jess's request that the State be ordered to produce an amended judgment imposing concurrent ordinary term sentences within a certain time frame is DENIED. However, this court GRANTS the motion to the extent that Jess requests that the State be ordered to proceed with re-sentencing him with due diligence. Accordingly, this court hereby ORDERS the State to provide notice to

///

///

///

///

///

///

Jess's counsel by October 13, 2006 of what sentence it intends to seek in the re-sentencing proceedings, unless the parties mutually agree to extend this date.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 19, 2006.



J. Michael Seabright
United States District Judge

*Jess v. Peyton, et al.*, Civ. No. 04-00601 JMS/BMK, Order Denying In Part Petitioner's Motion For An Order Regarding Execution Of This Court's Judgment Granting Petitioner's § 2254 Habeas Petition.

## Other Orders/Judgments

1:04-cv-00601-JMS-BMK Jess v. Peyton, et al **CASE CLOSED on 04/18/2006**

U.S. District Court

District of Hawaii - CM/ECF V2.5 (11/05)

Notice of Electronic Filing

The following transaction was received from afc, entered on 9/19/2006 at 1:26 PM HST and filed on 9/19/2006

**Case Name:**         Jess v. Peyton, et al
**Case Number:**       1:04-cv-601
**Filer:**
**WARNING: CASE CLOSED on 04/18/2006**
**Document Number:**   40

**Docket Text:**
ORDER Denying in Part and Granting in Part [30] Petitioner's MOTION for an Order regarding Execution of this Court's Judgment Granting Petitioner's Section 2254 Habeas Petition - Signed by Judge J. MICHAEL SEABRIGHT on 9/19/06. (afc)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=9/19/2006] [FileNumber=153150-0]
[39cb79b1cca143fd18934e55c54b901c60f0f317a10ef17bcf144c33be3a005a285f
9036004bd7833aaf3f41375ad54ad058fd547a45d0e78251c65d995dc905]]

**1:04-cv-601 Notice will be electronically mailed to:**

Daniel H. Shimizu    dshimizu@honolulu.gov, agushi@honolulu.gov; rrichardson@honolulu.gov

Peter C. Wolff    peter_wolff@fd.org, peter.wolff@gmail.com; lynelle_oshita@fd.org; fpdhi@hotmail.com

**1:04-cv-601 Notice will be delivered by other means to:**

Lane Blair
Diamondback Correctional Facility
PO Box 780
Watonga, OK 73772

John F. Peyton
Attorney General's Office
State of Hawaii

425 Queen St.,
Honolulu, HI 96813

Mark S.P. Yuen
Office of the Prosecuting Attorney
C & C of Honolulu
1060 Richards St 9th flr
Honolulu, HI 96813-2920